IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CALVIN R. WALTERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 07-695-GMS |
| | ) |
| JOHN CARROW and JENNIFER MAYO, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM

The plaintiff, Calvin R. Walters ("Walkers"), currently housed at the Sussex Work

Release Unit, Georgetown, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983. (D.I. 2.)

He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28

U.S.C. § 1915. (D.I. 4.) The court now proceeds to review and screen the complaint pursuant to

28 U.S.C. § 1915 and § 1915A.

## I. BACKGROUND

Walters alleges that he appeared at a contempt hearing before the defendant, Delaware

Family Court Commissioner Jennifer Mayo ("Mayo"), on July 16, 2007, and was sentenced to

work release for a "$1,000 purge." He alleges the capias for his arrest remained outstanding. As

a result of the outstanding capias, while Walters was detained at the Sussex Correctional

Institution, and on October 15, 2007, was made to appear before the defendant, Delaware Family

Court Commissioner John Carrow ("Carrow"). Walters seeks compensatory damages for the

time he was incarcerated and was not on the transfer list to work release. He also asks the court

to release him from the Family Court's order to work release and restoration of his driver's

license and business license.

## II. STANDARD OF REVIEW

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

In performing the court's screening function under § 1915(e)(2)(B), the court applies the standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Fullman v. Pennsylvania Dep't of Corr.*, No. 4:07CV-000079, 2007 WL 257617 (M.D. Pa. Jan. 25, 2007) (citing *Weiss v. Cooley*, 230 F.3d 1027, 1029 (7th Cir. 2000). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *Erickson v. Pardus*, –U.S.–, 127 S.Ct. 2197, 2200 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002). A complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, --U.S.–, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); Fed. R. Civ. P. 8. A complaint does not need detailed factual allegations, however "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption

that all of the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted). Plaintiff is required to make a "showing" rather than a blanket assertion of an entitlement to relief. *Phillips v. County of Allegheny*, – F.3d –, No. 06-2869, 2008 WL 305025, at *5 (3d Cir. 2008). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only "fair notice," but also the "grounds" on which the claim rests. *Id.* (citing *Twombly*, 127 S.Ct. at 1965 n. 3.) Therefore, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." *Phillips v. County of Allegheny*, 2008 WL 305025, at *6 (quoting *Twombly*, 127 S.Ct. at 1965 n.3.) "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Id.* Because Walters proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, –U.S.–, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

## III. DISCUSSION

Walters' claims against Mayo and Carrow fail because judges are absolutely immune from suits for monetary damages and such immunity cannot be overcome by allegations of bad faith or malice. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Commissioners of the Family Court are entitled to judicial immunity because they perform most of the same functions as a Family Court judge. *Joynes v. Meconi*, No. Civ.A. 05-332-GMS, 2006 WL 2819762, at n.4 (D. Del. Sept. 30, 2006) (citing Del. Code Ann. tit. 10, § 915(c) (each Commissioner appointed by the Governor shall have, among other things, the power to: (1) hear any civil case within the jurisdiction of the

Family Court; (2) order the issuance of legal process to compel the attendance of necessary parties and witnesses; (3)administer oaths and affirmations, and take acknowledgments, affidavits and depositions; (4) examine parties and witnesses; (5) accept pleas; (6) enter sentence for criminal felonies; and (7) impose sanctions)).

Judicial immunity can be overcome only if the judge has acted outside the scope of his or her judicial capacity or in the "complete absence of jurisdiction." *Id.* at 11-12. Here, Walters' complaint contains no allegations that Commissioners Mayo or Carrow acted either outside the scope of their judicial capacity or in the complete absence of jurisdiction. Indeed, the only thing Walters alleges is that the two Commissioners presided over hearings. Therefore, the court will dismiss the complaint against the defendants as they are immune from suit pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915(A)(b)(1).

## IV. CONCLUSION

Based upon the foregoing analysis, the court will dismiss the complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Amendment of the complaint would be futile. *See Alston v. Parker*, 363 F.3d 229 (3d Cir. 2004); *Grayson v. Mayview State Hosp.,* 293 F.3d 103, 111 (3d Cir. 2002); *Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d Cir. 1976). An appropriate order will be entered.

CHIEF, UNITED STATES DISTRICT JUDGE

Feb 21 , 2008

Wilmington, Delaware

-4-



IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

CALVIN R. WALTERS,                    )
                                      )
            Plaintiff,                )
                                      )
      v.                              ) Civ. Action No. 07-695-GMS
                                      )
JOHN CARROW and JENNIFER MAYO,        )
                                      )
            Defendants.               )

**ORDER**

At Wilmington this _21st_ day of _Feb._____, 2008, for the reasons set forth in the

Memorandum issued this date, the complaint is **dismissed** for failure to state a claim upon which

relief may be granted and as legally frivolous  pursuant to 28 U.S.C. § 1915(e)(2)(B) and §

1915A(b)(1).  Amendment of the complaint would be futile.

CHIEF UNITED STATES DISTRICT JUDGE

FILED

FEB 2 5 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE